CHARLOTTE HOLMAN *vs*. CHARLES H. STEADMAN.

PROVIDENCE—MAY 11, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Jurisdiction of District Courts and of the Common Pleas Division.   Trespass and Ejectment.*

The effect of Gen. Laws cap. 228, § 23, and Gen. Laws cap. 223, § 4, defining the jurisdiction of District Courts and of the Common Pleas Division of the Supreme Court, is to give exclusive original jurisdiction to District Courts of actions brought to recover possession of tenements or estates let or held at will or by sufferance; concurrent original jurisdiction to both courts of other actions concerning real estate in which the damages are laid at three hundred dollars or less; and exclusive jurisdiction to the Commom Pleas Division of all such actions in which the debt or damage is laid at · more than three hundred dollars.   An action of trespass and ejectment, therefore, against one in adverse possession may be brought in either court.·

TRESPASS AND EJECTMENT.   Heard on exceptions to ruling of district court, and exceptions sustained.

PER CURIAM.   The case comes up on exceptions from the District Court of the Eighth Judicial District.

The question raised by the bill of exceptions is whether a District Court under our existing statutes has jurisdiction of an action of trespass and ejectment where no relation of landlord and tenant is alleged to have existed between the parties.

The statutes assigning to the several courts jurisdiction of actions to recover possession of real estate have been changed from time to time, but since the establishment of District Courts with clerks and records, there has been no reason for denying them jurisdiction of cases involving the title to real estate as well as other classes of action.   Pub. Laws, 1886, cap. 597, § 23. ·

(1)     The present statute, Gen. Laws cap. 228, § 23, was first enacted May 19, 1893, as cap. 8, sec. 23, of the judiciary act and reads as follows: "Every district court shall have exclusive original jurisdiction, except as provided in section twenty-four of this chapter and elsewhere in the statutes of this state, of all civil actions legally brought before it wherein the debt or damages laid in the writ do not exceed three hun-

dred dollars, and also over all actions properly brought within its district for possession of tenements or estates let, or held at will or by sufferance."

In *O'Connor* v. *O'Brien*, 18 R. I. 529, approved in *Cosgrove* v. *Merz*, 19 R. I. 278, it was held that this language plainly comprehended actions for the possession of tenements held at will or by sufferance, though not let.

We think it is equally clear that jurisdiction of all actions at law in which the debt or damages are not laid at more than three hundred dollars is given to the District Courts, unless exception with respect to a particular action is contained in some other statute. The defendant seeks to find this exception in Gen. Laws cap. 223, § 4, which defines the jurisdiction of the Common Pleas Division of the Supreme Court as follows:

"Said common pleas division shall have original jurisdiction of all civil actions at law which relate to real estate or to some right, easement or interest therein, except actions brought for possession of tenements or estates let, or held at will or by sufferance, and also of all other actions at law in which the debt or damages laid in the writ shall exceed the sum of three hundred dollars," &c., &c.

The effect of these statutes taken together is to give exclusive original jurisdiction to District Courts of actions brought to recover possession of tenements or estates let, or held at will or by sufferance, *Martin* v. *Bates*, 19 R. I. 482; concurrent original jurisdiction to both courts of other actions concerning real estate in which the damages are laid at three hundred dollars or less; and exclusive jurisdiction to the Common Pleas Division of all actions in which the debt or damage is laid at more than three hundred dollars, except those brought to recover possession of tenements or estates let, or held at will or by sufferance. An action of trespass and ejectment, therefore, against one in adverse possession may be brought in either court, at the option of the plaintiff.

The exceptions are sustained, and the cause will be remitted to the Eighth District Court for a new trial.

*Edward M. Sullivan*, for plaintiff.

*Thomas F. Farrell*, for defendant.